**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **EUGENE TRAVIS SMITH** | ) | |
| | ) | |
| v. | ) | 3-07-CV-1534-P |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the French Robertson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Abilene, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of murder as charged in the indictment returned in Cause No. F-0174790-IM Smith was tried by a jury which returned a verdict of guilty. Thereafter after he pleaded "true" to the enhancement paragraph of the indictment the trial court sentenced him to a term of 60 years imprisonment. Smith appealed his conviction which was affirmed by the Fifth Court of Appeals at Dallas in an unpublished opinion delivered on December 17, 2003. He in turn petitioned for discretionary review by the Texas Court of Criminal

Appeals which was refused on June 9, 2004. Smith then filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure. On August 15, 2007, the Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. He filed the present § 2254 petition on September 4, 2007, the date on which he placed his petition in the prison mail system. *See Spotville v. Caine,* 149 F.3d 374, 378 (5th Cir. 1998). In response to the petition and this court's show cause order Respondent filed his answer together with copies of prior state court proceedings.

**Findings and Conclusions**: In his first ground for relief Smith claims that his trial attorney was denied the right to cross examine Detective Rick Berry with respect to the pretrial identification made by Michael Cummins.[1] Cummins related that he was presented a six photograph spread by Detective Berry from which he initially picked Photograph Number 2, but upon further review selected Photograph Number 4 which was a picture of Smith. *See* Reporter's Record, Vol. 4 at 136-140.

Later Berry was called as a witness and testified that Cummins had made a photo identification of Smith from the six photograph spread. *Id.* at 175. He related that Cummins "looked at [the spread] for several seconds and then pointed to [Smith's] picture and said that that's him." Arguably Berry's testimony implied that there was less hesitation on Cummins's part than Cummins himself related.

The focus of Petitioner's first ground is the trial court's ruling which sustained the prosecutor's objection to his attorney's attempt to repeat Cummins's earlier testimony. *Id.* at 179,

---

[1] Cummins identified Smith as standing over the body of the decedent holding a gun and then entering the passenger side of a car which drove from the scene.

lines 15-23. It is not proper to ask a witness to compare testimony of a prior witness. Therefore, the court properly sustained the objection. More to the point, the court's ruling did not deny Petitioner a right to cross examine the witness, but merely foreclosed counsel's possibility of arguing with the witness about discrepancies in their respective recollections.

In his second ground Smith attacks the factual and legal sufficiency of the evidence to support the jury's verdict of guilty. In his answer Respondent argues that Petitioner's factual insufficiency claim is not cognizable in a federal habeas proceeding and that he has failed to exhaust his claim attacking the legal sufficiency of the evidence. With respect to his "factual insufficiency" claim, it is well settled that "factual sufficiency" of the evidence is a creation of Texas state law, *see Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Crim.App. 1996), and therefore is not cognizable as a basis for relief in a § 2254 petition. *See* 28 U.S.C. § 2254(a) and (d)(1); *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002).

With respect to Smith's claim that the evidence was legally insufficient to support the jury's verdict Respondent asserts that this claim is unexhausted and that merits review is procedurally barred. Two alternative means are available pursuant to which a Texas prisoner can exhaust state remedies. *See Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

In the context of his direct appeal he raised factual and legal sufficiency issues in his brief filed in the Fifth Court of Appeals at Dallas. *See* No. 05-02-01886-CR, Appellant's Brief, Issues Two and Three at 28-35. In its opinion filed on December 17, 2003, the Fifth Court rejected both points of error. *See* opinion at 8-9. Smith in turn filed a petition for discretionary review by the Texas Court of Criminal Appeals claiming that the intermediate appellate court erred in applying the standard for legal insufficiency of the evidence to his separate and distinct point of error

claiming that the evidence was factually insufficient under the test set out in *Clewis v. State, supra. See* Petition No. 125-04 [No. 05-02-01886-CR] filed on February 17, 2004.

As noted above, the Court of Criminal Appeals refused the petition on June 9, 2004. Under the record in this petition, his attack on the Fifth Court's ruling on his factual insufficiency claim did not exhaust his legal sufficiency of the evidence claim.

An examination of his subsequently filed art. 11.07 application discloses that he raised legal insufficiency of the evidence as a ground for relief. *See* Application No. WR-67,963-01, at 07; 013-025; and 048-050. The State's response clearly recognized that this issue was raised in the application, *Id.* at 11, as did the state trial court in its findings of fact and conclusions of law, *Id.* at 126-128. Relief in turn was denied based on the trial court's findings.

Quarterman contends that merits review of this ground is procedurally barred, citing the long-standing Texas law that sufficiency of the evidence claims are not cognizable in habeas corpus proceedings. *See e.g. Clark v. State of Texas,* 788 F.2d 309 (5th Cir. 1986) and *Ex Parte McLain*, 869 S.W.2d 349, 351 (Tex.Crim.App. 1994). The procedural default rule is based upon the notions of comity and federalism. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2554 (1991). Despite the fact that the Court of Criminal Appeals generally refuses to entertain sufficiency of the evidence claims in art. 11.07 proceedings, that fact does not end this court's analysis. The question which must be addressed is whether the last state court to consider the claim expressly and unambiguously denied relief based on a procedural bar. *See Meanes v. Johnson,* 138 F.3d 1007, 1010-11 (5th Cir. 1998), citing *inter alia Coleman v. Thompson.*

The Fifth Court of Appeals clearly addressed Smith's legal insufficiency of the evidence point of error on the *merits* in its opinion. As noted, *supra,* the issue was next raised in his art. 11.07

4

application. In addressing the claim in its response the State cited *Ex Parte McLain, supra.* However, in addressing this claim in its findings and conclusions, the state trial court concurred with the merits disposition of the claim by the Fifth Court of Appeals and cited three Court of Criminal Appeals' decisions, none of which holds that insufficiency of the evidence claims are not cognizable in habeas corpus proceedings. *See* Application No. WR-67,963-01, *supra*, at 127-28, Finding of Fact 1. The Court of Criminal Appeals in turn denied the application on these findings, *Id.* at cover. Under the circumstances of this case this ground for relief is not procedurally barred and must be considered on the merits. *See e.g. Bledsoe v. Johnson,* 188 F.3d 250, 256-57 (5th Cir. 1999).

In its unpublished opinion the Fifth Court of Appeals summarized the evidence which was presented to the jury. *See* 05-02-01886-CR, opinion at 2-5.[2] In addressing Smith's legal insufficiency of the evidence claim the court expressly cited the United States Supreme Court's holding in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 278 (1979). In the context of a § 2254 petition a state prisoner is not entitled to relief unless it is found that upon the evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Id.* at 324. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt ... This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* at 319 (Emphasis in the original).

The appellate court's opinion then proceeds to address the claims asserted by Smith in his

---

[2] The evidence is summarized and annotated in greater detail in the parties' direct appeals briefs.

brief which he asserts "proves" that he could not have committed the murder, i.e. the time frame documented by his leg monitor was too short to have allowed him to commit the murder and return to the receiver range of his residence, the state failed to prove a motive, there was no physical evidence to connect him with the offense and Cummins's in-court identification was unreliable. As to each asserted shortcoming, the court found that a jury was not rationally required to accept the conclusions which Smith proffered, *See* Opinion, *supra*, at 9-10, and found that the jury could have found the essential elements of murder beyond a reasonable doubt.

Pursuant to amendments to § 2254 effected by the AEDPA, a federal court is no longer permitted to review the decisions by state courts *de novo* or to substitute its own judgment on the merits of cognizable claims for federal habeas corpus relief. Specifically a federal court may not grant relief on a claim unless the state court decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

In order to satisfy the "unreasonable application" of law alternative, a petitioner must show that the state court decision was not only erroneous, but *objectively unreasonable. See Wiggins v. Smith,* 539 U.S. 510, 520-21, 123 S.Ct. 2527 (2003). The Fifth Court of Appeals clearly relied on *Jackson v. Virginia* and addressed the elements of legal insufficiency of the evidence. Therefore, Smith cannot show an unreasonable application of state court law. Nor can he satisfy the second alternative. § 2254(e) imposes a presumption of correctness on the facts found by a state court unless the habeas applicant rebuts the facts found by clear and convincing evidence. While the testimony presented at trial in Smith's defense contradicted that presented by the prosecution, the jury was

6

entitled to weigh the credibility of all the evidence and to accept or reject the testimony of each witness in whole or in part. Suffice it to say Smith cannot rebut the presumption of correctness.

In his final ground for relief Petitioner claims that he was denied the effective assistance of counsel by his trial attorney. He identifies six instances which he contends demonstrate his attorney's shortcomings. *See* petition at 7, 7i, 7j and 7k. These claims were first presented in his art. 11.07 application. The state trial court rejected this claim and found *inter alia* that Smith's trial counsel "exercised all of the skill and expertise which one could reasonably expect of an attorney and that [Smith] was in no way denied his right to effective assistance of counsel at trial." No. WR-67,963-01 at 128 ¶4.

Ineffective assistance of counsel claims are governed by the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). First, a petitioner must establish that the attorney's performance "fell below an objective standard of reasonableness" required of attorneys under the Sixth Amendment. *Id.* 687-688. Second, the deficiencies in representation must be prejudicial to the defense, that is that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694. Unless both prongs are proven, habeas corpus relief will be denied.

In judging a trial attorney's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Further, a court must make every effort to eliminate the effects of hindsight and to evaluate the attorney's conduct at the time it occurred.

Smith complains of statements elicited from Rick Berry and Kimberly Ross Collins. *See*

7

petition at 7, 7i and 7j. Although these witnesses' responses were not helpful, at the time his attorney asked the questions he did not know how they would respond. Had Berry admitted that no apparent motive existed or had Ms. Collins agreed with other witnesses that Smith and the decedent had not argued at the workplace, it would have bolstered Smith's defense. As the Supreme Court pointed out in *Strickland*, a habeas court should not second guess an attorney's trial tactics simply because they end up being unsuccessful.

He next complains of his attorney's failure to call his mother and sister as witnesses. *See* petition at 7j; *see also* No. WR-67,963-01, at 039-40; 043 and 044. There is no evidence in the record to show that either saw Petitioner after he left the workplace at the conclusion of his work shift at midnight on June 14, 2001. Counsel presented an alibi defense through the testimony of Smith, himself, and that of his girlfriend at the time of the murder. His attorney also vigorously attempted to demonstrate that Michael Cummins's identification was a case of mistaken identity. The fact that he did not call either of Petitioner's family members does not establish deficiency in representation, nor does their limited professed knowledge show that had they testified the jury probably would have found him not guilty.[3] His final two claims, i.e. Ground Three (E) and (F) at 7k, are conclusary and the record shows that counsel attempted to undermine the State's theory, though without success. *See e.g.* No. 05-02-1886-CR, Appellant's brief at 29-30; Opinion at 9. Therefore, Smith has failed to establish that he was denied the effective assistance of counsel, required under the Sixth Amendment, by his trial attorney.

---

[3]I do not perceive that Smith is claiming in his federal petition that his attorney should have called his mother in the punishment phase, but since the judge who imposed the sentence was the same who found this ground to be without merit in his art. 11.07 application, he cannot satisfy the "prejudice" prong of the *Strickland* test.

Moreover, even were the magistrate judge to disagree with the State courts' determination on this issue, relief would nonetheless be foreclosed by Smith's failure to satisfy the requirements of § 2254(d)(1) or (d)(2). *See Yarborough v. Gentry*, 540 U.S. 1, 124 S.Ct. 1 (2003).

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 17th day of March, 2008.

*Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.